Pratt, J.
(dissenting).—Plaintiff, while in defendant’s employ, was required to nail some rods upon the rafters of its round house. Owing to the peculiar construction of the building it became necessary to place a ladder about nineteen feet long upon a car eleven feet high which served for a platform. While plaintiff was upon the ladder near the roof, the ladder broke, throwing him to the ground and causing him personal injury. The work was under the control of one Mabie, a fellow-workman, who had been directed by the boss carpenter of the defendant to go to the round house and rig up a scaffold, and do what was necessary to perform the work.
The ladder was old, and broke in consequence of a split or crack that had existed for a long time, possibly since its construction. The crack could have been discovered by careful examination.
Upon this state of facts the plaintiff was nonsuited, and, we think, it must be sustained. It is to be observed that there is no proof whatever that this ladder was furnished by the defendant for the use of its employees, or for the purpose.to which it was put. The presumption would *27 seem to be against such a view, as it was not adapted to the purpose, and could only be used upon the top of a car. The ladder was in the neighborhood, and Mabie, the fellow workman, brought it and placed it on the car for the plaintiff to mount. But assume that the ladder was furnished by the defendant for the use of its employees in the yard, the case still lacks an important element to charge the defendant. There is no sufficient evidence that the defendant knew of any defect, or that it had not used ordinary care in discerning any such defect, if it existed.
That it had been used for a long time is evident, and that it was as open to the plaintiff as to the defendant to examine and discover if any defect existed. If the defect was patent, then the plaintiff was guilty of negligence; if it was latent and secret, the defendant could not be held hable. If it was a part of the duty of the defendant to test this 1 adder from time to time to see that it was safe, what would a test have disclosed at the time of the accident ? It was tested just before the accident. Mabie had been up the ladder twice, and the plaintiff had just been up himself, so that neither an examination or test would have disclosed any more to the defendant than the plaintiff knew. But the law did not make any such exaction. All that was required of the defendant was to exercise ordinary care, diligence and foresight in keeping the appliances in such a condition as to be reasonably safe for the use of their employees.
The evidence in any view, fails to prove a breach of this duty. It is to be observed that neither plaintiff nor Mabie were told to use this or any ladder. They were simply told to go and do a certain job of work, and they selected their own means of accomphshing it. They were acting on their own discretion, and took the risk incident to the employment. If there were not adequate means at hand to accomplish the work, it was their duty to wait until they were furnished. If they took any implement that was never furnished or intended for that kind of work they did it at their own risk. A master who furnishes powder to blast rocks does not guarantee that it is safe stuff to kindle fires.
_ It is not necessary to discuss any question of presumption, as there is an utter failure to connect the defendant with the ladder in the use made of it by the plaintiff. A-careful examination fails to disclose any error, and the judgment must be affirmed, with costs.